O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM D. BRAVEBOY,<br><br>Petitioner,<br><br>v.<br><br>TONYA JAMES, Warden,<br><br>Respondent. | Case No. 2:21-cv-02110-JGB-KES<br><br>ORDER DISMISSING PETITION AND DENYING CERTIFICATE OF APPEALABILITY |

## I.

## BACKGROUND

On March 5, 2021, the Court received a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition" at Dkt. 1) from Abram D. Braveboy ("Petitioner"), as well as a "Motion to Appropriate Venue" (Dkt. 2) and a supporting affidavit (Dkt. 3).

Petitioner is currently in the custody of the state of South Carolina at Kershaw Correctional Institution in Kershaw, South Carolina. (Pet. at 1 ¶ 1); South Carolina Dep't of Corr., Incarcerated Inmate Search, ID No. 284787.[1] In 2002, he

---

[1] Available online at: https://public.doc.state.sc.us/scdc-public/ (last accessed

was convicted of armed robbery and other crimes in a South Carolina state court, and he was sentenced to 35 years in state prison. (Pet. at 2 ¶ 2); South Carolina v. Braveboy, Case Nos. G634953, G634954, G634955, G634963, G838062, G838063, G838059 (S.C. Richland Cnty. Ct. of Gen. Sessions).[2]

This is not the first habeas petition that Petitioner has filed in this Court. In November 2020, the Court received a prior pro se petition from Petitioner citing 28 U.S.C. § 2241. That petition argued that Petitioner should be released from custody because the criminal judgments against him were vacated in post-conviction proceedings in South Carolina state court; he claimed that he prevailed in that state court action because the state failed to timely respond to his summary judgment motion.[3] This Court dismissed the petition, finding that: (a) the petition was properly brought under § 2254 not § 2241; (b) venue was not proper in the Central District of California because it was unclear what connection Petitioner had to this state, if any; (c) the petition appeared to be an unauthorized second or successive petition[4]; and (d) dismissal rather than transfer to the proper venue in the District of

---

March 11, 2021).

[2] Public records of the South Carolina court are available online at: https://publicindex.sccourts.org/Richland/PublicIndex/PISearch.aspx (last accessed March 11, 2021). The Court takes judicial notice of these and the other public records cited in this order. See Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); Harris v. Cty. of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012) ("We may take judicial notice of undisputed matters of public record … including documents on file in federal or state courts.").

[3] Braveboy v. South Carolina, No. 2016CP4005602 (S.C. Richland Cnty. Ct. of Gen. Sessions) (state court case in which Petitioner moved for post-conviction relief).

[4] See Braveboy v. Cartledge, No. 8:11-cv-02075-TMC (D.S.C. Jan. 6, 2012) (dismissing prior federal habeas petition under § 2254 as untimely).

2

South Carolina was appropriate because Petitioner already had a § 2254 petition pending in that district which raised the same claims. Braveboy v. James, No. 2:20-cv-10609-JGB-KES (C.D. Cal. Dec. 14, 2020).

On February 8, 2021, Petitioner's § 2254 petition in the District of South Carolina, which raised the same claims, was dismissed as frivolous, unexhausted, and untimely. The federal court found that the state post-conviction court had not invalidated Petitioner's convictions as he claimed. Braveboy v. James, No. 8:20-cv-03486-TMC (D.S.C. Feb. 8, 2021). At that time, the post-conviction proceedings appeared to be pending. The state court docket now shows that a "return and motion to dismiss" was filed on February 24, 2021 and a "conditional order of dismissal" was entered on March 4, 2021. Braveboy v. South Carolina, No. 2016CP4005602 (S.C. Richland Cnty. Ct. of Gen. Sessions).

## II.

## DISCUSSION

The present Petition, which was signed on March 3, 2021, raises the same claims as Petitioner's prior petition in this Court. (See, e.g., Pet. at 5 [alleging "extraordinary 'false imprisonment'" and due process violations because the "S.C. Richland County Court of Common Pleas, summary judgment court order[ed] for post-conviction RELEASE"].) The Petition is therefore an unauthorized second or successive petition under § 2254. See 28 U.S.C. § 2244(b)(1) ("A claim presented in a second or successive habeas corpus [petition] under section 2254 that was presented in a prior [petition] shall be dismissed.").

Additionally, to the extent Petitioner is arguing that venue is proper in the Central District of California, he has not shown this to be true. The proper venue for a § 2254 habeas petition is either: (a) the district where the petitioner is presently confined, or (b) the district where he was convicted. See 28 U.S.C. § 2241(d); Dannenberg v. Ingle, 831 F. Supp. 767, 767 (N.D. Cal. 1993). Petitioner is neither confined in California nor was he convicted here. (Pet. at 1 ¶¶ 1-2.) His

vague assertion that "part of [the] underlying events took place" in this district is not enough to demonstrate venue is proper here. (Dkt. 2; see also Dkt. 3 at 2 [alleging that the Central District of California "is the proper venue"].)

The Petition should therefore be dismissed as an unauthorized second or successive petition under § 2254 and because venue is improper in this district. A certificate of appealability shall not issue because Petitioner has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

### III.
### CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Petitioner's Motion to Appropriate Venue (Dkt. 2) is denied; judgment shall be entered dismissing the Petition; and a certificate of appealability shall not issue.

DATE: March 30, 2021

_____
JESUS G. BERNAL
UNITED STATES DISTRICT JUDGE

Presented by:

_____
KAREN E. SCOTT
United States Magistrate Judge